U.S. DISTRICT COURT
N DISTRICT OF LOUISIANA
CEIVED - MONROE

DEC 03 2019

MONROE, CLERK
DEPUTY

UNITED STATES OF AMERICA

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 3:19-cr-00033-01 |
| | * | |
| | * | 18 U.S.C. §§ 2252A(a)(2)(A) |
| VERSUS | * | 18 U.S.C. §§ 2252A(a)(5)(B) |
| | * | |
| | * | DISTRICT JUDGE DOUGHTY |
| CHRISTOPHER JOE STAMPER | * | MAGISTRATE JUDGE HAYES |

## PLEA AGREEMENT

A.   INTRODUCTION

1.   This document contains the complete plea agreement between the government and CHRISTOPHER JOE STAMPER, the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

B.   THE DEFENDANT'S OBLIGATIONS

1.   CHRISTOPHER JOE STAMPER shall appear in open court and plead guilty to Count One in the superseding indictment pending in this case.

C.  THE GOVERNMENT'S OBLIGATIONS

1. If the defendant completely fulfills all of his obligations and agreements under this plea agreement, the government agrees to dismiss the remaining counts of the superseding indictment after sentencing, and it will not prosecute the Defendant for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the superseding indictment.

2. The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in his offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently.

D.  SENTENCING

CHRISTOPHER JOE STAMPER understands and agrees that:

1. The maximum punishment on Count One is a term of imprisonment not less than five (5) years and not more than twenty (20) years (pursuant to 18 U.S.C. § 2252A(a)(2)(A)), and a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571).

2. The defendant shall be required to pay a special assessment of $100 **at the time of the guilty plea** by means of a cashier's check, official bank check, or money order payable to "Clerk, U.S. District Court";

3. The defendant may receive a term of supervised release of not less than

5 years, or life (pursuant to 18 U.S.C. § 3583(k)), in addition to any term of imprisonment imposed by the Court;

4. A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

5. The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court, regardless of the amount of time of the supervised release the defendant had successfully completed;

6. In addition to the penalties set forth in the preceding paragraphs, and pursuant to 18 U.S.C. § 2259 the Court must order restitution in this case, and the defendant agrees that restitution in this case shall be the full amount of the victim's losses, and will be determined by the Court after a complete review of the evidence developed in the investigation of this case by the government and further investigation by the United States Probation Office as contained in the Presentence Report.

7. Any fine and restitution imposed as part of the defendant's sentence will be made due and payable immediately and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

8. As part of the presentence investigation, the government will make available to the Court all evidence developed in the investigation of this case;

9. This case is governed by the Sentencing Reform Act as modified by United States v. Booker, 543 U.S. 220 (2005), that the defendant has discussed the Sentencing Guidelines and their applicability with defendant's counsel, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

10. The sentencing judge alone will decide what sentence to impose; and

11. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E. SEX OFFENDER REGISTRATION

The defendant has been advised, and understands, that pursuant to 18, United States Code, Sections 2250 and 3583(d), he must register and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student. The defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any place where he is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register which is punishable by a fine or

imprisonment, or both.

F. FORFEITURE

The Defendant agrees to the forfeit for destruction any and all interest that he may have in the evidence, items and/or property, including but not limited to the following computer/electronic related evidence seized by local, state or federal authorities in the investigation, arrest, and prosecution of this matter:

1. One (1) Samsung Android cell phone seized from the defendant on February 14, 2018;

2. One (1) LG black smartphone seized from the defendant's residence on January 3, 2019.

The Defendant agrees to execute any documents or take any other steps requested by the Government to accomplish abandonment or to resolve any claims against the assets in this case.

G. SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client CHRISTOPHER JOE STAMPER. It accurately and completely sets forth the entire plea agreement. I concur in CHRISTOPHER JOE STAMPER pleading guilty as set forth in this plea agreement.

Dated: 12/3/19

WALT M. CALDWELL, IV
Counsel for Defendant

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation.

I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 12/3/19

CHRISTOPHER JOE STAMPER
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

Dated: 12/3/19

JESSICA D. CASSIDY
Assistant United States Attorney