UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NUMBER: 3:19-cr-00033-01 |
| VERSUS | : JUDGE DOUGHTY |
| CHRISTOPHER JOE STAMPER | : MAGISTRATE HAYES |

---

## **MOTION TO WITHDRAW PLEA**

MAY IT PLEASE THE COURT:

FACTS:

CHRISTOPHER JOE STAMPER, was charged by Grand Jury Indictment, (Documents 9 and 10), January 23, 2019. Defendant was arraigned on January 25, 2019. On the same day, Counsel for the Defendant filed a motion for psychiatric examination, concerned about the Defendant's ability to understand the charges against him, participate in the proceedings, and whether he had appropriate mental capacity to have had knowledge to have committed the crimes. (Doc 15).

Bureau of Prison's evaluation found the Defendant competent in all areas. Defendant appointed and had an independent evaluation conducted. After review of the results of that evaluation, Defendant filed a motion to withdraw his competency hearing, (Document 42).

A superseding indictment was filed October 23, 2019, (Documents 48 and 49) and the Defendant plead not guilty thereto on November 6, 2019.

Counsel has likewise had appointed an investigator to obtain a statement from a witness in these proceedings who has indicated that they, rather than the Defendant was responsible for the conduct at issue. Likewise an expert was appointed and conducted forensic analysis of the devices

that were seized. The general findings of each were made available to the defendant when he met with counsel and the investigator and the potential plea offer was made in this matter. Defendant in review of the information and the plea offer advised he wished to plead guilty, considering the offer in his best interest. Defendant executed a plea agreement, (Document 63) and plead guilty on December 3, 2019 to count one, carrying a penalty of not less than five years but not more than twenty years.

Defendant was to meet with Probation to discuss his plea and provide information to that office for the preparation of the Presentence Investigation Report. Defendant refused to meet with probation stating that he was innocent. Counsel advised Defendant that he should meet with probati0n regardless. Defendant would not meet with probation.

Since that time, Defendant and counsel have had further protracted conversations regarding his plea and reviewing the evidence provided by the Government in this case. Defendant has after such discussions, directed counsel, against his best advice, to withdraw his plea. This motion follows.

Mover would aver that despite the conclusions of healthcare professionals, that CHRISTOPHER STAMPER, remains unable to understand and participate in these proceedings and that these reasons are "a fair and just reason for requesting the withdrawal."

LAW:

Pursuant to Rule 11(d), before the court imposes sentence, a defendant may move to withdraw his guilty plea if there is a "fair and just reason" for doing so. See Federal Rule of Criminal Procedure 11(d)(2)(B). Mover must show "a fair and just reason for requesting the withdrawal."

Mover would argue that the clear mental issues of this defendant, whether due to past or present trauma, medical condition, etc. are inhibiting his ability to weigh his options and participate in these proceedings. Mover maintains that despite the findings of two examinations of Defendant's competency, he is unable to process this case against him and understand the proceedings as presented. This is clear through any number of conversations with the Defendant by Counsel. Defendant often seems to live detached from reality and perhaps see things differently than they are.

Mover would aver that despite the conclusions of healthcare professionals, one through the Bureau of Prisons and the other obtained at the direction of the Defendant, that CHRISTOPHER STAMPER, remains unable to understand and participate in these proceedings and his desire to withdraw his plea at this stage of the proceedings after the explanations given in this case and the potential exposure to him, shows it. At the time of his plea Counsel relied on the reports of his fitness provided by BOP and his separate evaluation to establish the Defendant's competency for his plea in these matters, as Counsel's own opinion had been found in contradiction with these reports administered and prepared by individuals much more highly trained than counsel.

As such, Counsel contends that the Defendant is not in a place to have knowingly and voluntarily entered a plea. Clearly his mental condition, is "a fair and just reason for requesting the withdrawal" as required and thus should be granted.

Further, even if the Defendant were found capable at the time, Mover would suggest that this is a situational basis, and recent conduct tends to support a belief he is not competent now.

Further, CHRISTOPHER STAMPER has always maintained that he was innocent, and that the acceptance of the plea was one that was perhaps in his best interest as it limited his exposure in other charges to other potential enhancements.

Considering such, mover should be allowed to withdraw his plea.

WALTER M. CALDWELL IV
CJA PANEL; Appointed Counsel for CHRISTOPHER JOE STAMPER
4007 White's Ferry Road, Suite B
West Monroe, Louisiana 71291
(318) 396-0540  FAX : (318) 396-0292

s/ *Walter M. Caldwell, IV*
BY:  Walter M. Caldwell, IV, LSBA NO. 22289
ATTORNEY FOR DEFENDANT

### CERTIFICATE OF ECF FILING/SERVICE:

I hereby certify that on January 15, 2020, I electronically filed the foregoing with the Clerk of this court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

           s/ *Walter M. Caldwell, IV*
           WALTER M. CALDWELL, IV