UNITED STATES OF AMERICA

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 3:19-cr-00033-01 |
| | * | |
| VERSUS | * | |
| | * | DISTRICT JUDGE DOUGHTY |
| CHRISTOPHER JOE STAMPER | * | MAGISTRATE JUDGE HAYES |

## UNITED STATES'S OPPOSITION TO MOTION TO WITHDRAW PLEA

NOW INTO COURT, through the United States Attorney and undersigned Assistant United States Attorney, comes the United States of America, which requests this Court deny the Motion to Withdraw Plea filed by the Defendant without necessity of a hearing for the reasons that follow:

### PROCEDURAL HISTORY

On January 23, 2019, the Defendant was charged by Indictment with two counts of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).   Rec. Doc. 24.

Two days later, the defense filed a Motion for Psychiatric Examination requesting the Defendant be evaluated for both competency and sanity.   Rec. Doc. 15.   The Defendant was evaluated by the Bureau of Prisons from February 15, 2019 through April 1, 2019, at the conclusion of which he was found competent and sane.

The defense sought a second expert opinion on the issue.   On September 16, 2019, and after review of his expert's report, the defense filed a "Withdrawal of Motion

to Determine Competency and Stipulation of Competency by Defendant." Rec. Doc. 42. The Defendant signed the filing and stipulated that "he is competent to proceed in this matter."

On October 23, 2019, the Defendant was charged by Superseding Indictment with two counts of Possession of Child Pornography, one count of Receipt of Child Pornography, and one count of Coercion and Enticement. Rec. Doc. 152.

On December 3, 2019, the Defendant pled guilty to Receipt of Child Pornography. Rec. Doc. 61. In exchange for his guilty plea, the Government agreed to dismiss at sentencing the remaining three counts in the Superseding Indictment. Rec. Doc. 181.

## MOTION TO WITHDRAW GUILTY PLEA

On January 16, 2019, the defense filed a Motion to Withdraw Plea. Rec. Doc. 65. Although he acknowledges that "individuals more highly trained than counsel" found his client competent, defense counsel claims "the Defendant is not in a place to have knowingly and voluntarily entered a plea." Defense counsel further contends the Defendant "has always maintained that he was innocent."

## LAW

Between the entry of his guilty plea and sentencing, a defendant can move to withdraw his plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining if the proffered reason is 'fair and just," the district court is to consider the following factors:

> (1) whether … the defendant has asserted his innocence; (2) whether … the government would suffer prejudice if the withdrawal motion were

> granted; (3) whether … the defendant has delayed in filing his withdrawal motion, (4) whether … the withdrawal would substantially inconvenience the court; (5) whether … close assistance of counsel was available; (6) whether … the original plea was knowing and voluntary; and (7) whether … the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*Carr*, 740 F.2d at 343-44 (citations omitted). In analyzing the *Carr* factors, the district court is to consider all of the circumstances. *Carr*, 740 F.2d at 344. No single one is dispositive. *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). And a finding need not be made as to each. *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009).

A delay in filing demonstrates a defendant simply changed his mind while a prompt attempt to withdraw indicates the defendant made an unknowing plea. *Carr*, 740 F.2d at 345. The longer the defendant waits, the more substantial the reason he must assert. *Id.* at 344.

An assertion of innocence alone is not sufficient; otherwise, such an assertion would mean withdrawal as a matter of right. *Id.* And the defendant has no unqualified right to withdraw his guilty plea. *Id.* The burden is on the defendant to demonstrate withdrawal is justified. *Id.*

## ANALYSIS

The Defendant relies on only two of the seven *Carr* factors – knowing and voluntary plea and innocence – in support of his request to withdraw his guilty plea. However, as explained below, he fails to establish a "fair and just reason" to do so.

The Defendant was examined by two experts between February and September of 2019. Both experts concluded that he was competent. At the guilty plea hearing, and as part of its standard colloquy, the Court addressed the issue of competency. The Court conferred with defense counsel and posed questions to the Defendant to assess his mental capacity to plead guilty. The Defendant gave appropriate answers to the questions asked of him. By accepting the plea, it is evident that this Court found nothing to suggest the Defendant was not competent to plead guilty on December 3, 2019, and the Defendant fails to present any new evidence to the contrary. He therefore fails to prove his guilty plea was neither knowing nor voluntary.

As for his innocence claim, the Government cites to the Written Factual Basis filed in connection with his guilty plea. The Defendant signed this document on November 22, 2019. By doing so, he acknowledged in writing that he knowingly solicited and received from an 11-year old girl photographs that constituted child pornography. During his guilty plea colloquy nearly two weeks later, the Defendant verbally affirmed that the facts contained in the Written Factual Basis were accurate. The Defendant also confirmed that he had an adequate opportunity to discuss the matter with counsel. In light of the Defendant's written and verbal admissions of guilt, this Court should be disinclined to give any credence to the claim of innocence.

## CONCLUSION

In light of the foregoing, the Government respectfully requests this Court deny the Motion to Withdraw Plea without necessity of a hearing.

                                                Respectfully submitted,

                                                DAVID C. JOSEPH
                                                UNITED STATES ATTORNEY

BY:    /s/ *Jessica D. Cassidy*
            JESSICA D. CASSIDY (LA Bar #34477)
            Assistant United States Attorney
            300 Fannin Street, Suite 3201
            Shreveport, LA   71101
            (318) 676-3600