UNITED STATES OF AMERICA

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 3:19-cr-00033-01 |
| VERSUS | * | |
| | * | DISTRICT JUDGE DOUGHTY |
| CHRISTOPHER JOE STAMPER | * | MAGISTRATE JUDGE HAYES |

## UNITED STATES' OPPOSITION TO PRO SE MOTION TO DISMISS

NOW INTO COURT, through the United States Attorney and undersigned Assistant United States Attorney, comes the United States of America, which requests this Court deny the Pro Se "Motion to Dismiss/Insufficient Evidence" without necessity of a hearing for the reasons that follow:

### PROCEDURAL HISTORY

On January 23, 2019, the Defendant was charged by Indictment with two counts of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).   Rec. Doc. 24.

Two days later, the defense filed a Motion for Psychiatric Examination requesting Defendant be evaluated for both competency and sanity.  Rec. Doc. 15. Defendant was evaluated by the Bureau of Prisons from February 15, 2019 through April 1, 2019, at the conclusion of which he was found competent and sane.

The defense sought a second expert opinion on the issue.  On September 16, 2019, and after review of his expert's report, the defense filed a "Withdrawal of Motion

to Determine Competency and Stipulation of Competency by Defendant." Rec. Doc. 42. Defendant signed the filing and stipulated that "he is competent to proceed in this matter."

On October 23, 2019, Defendant was charged by Superseding Indictment with two counts of Possession of Child Pornography, one count of Receipt of Child Pornography, and one count of Coercion and Enticement. Rec. Doc. 152.

On December 3, 2019, Defendant pled guilty to Receipt of Child Pornography. Rec. Doc. 61. In exchange for his guilty plea, the Government agreed to dismiss at sentencing the remaining three counts in the Superseding Indictment. Rec. Doc. 181.

On February 14, 2020, Defendant filed a pro se "Motion to Dismiss/Insufficient Evidence." Rec. Doc. 233. He claims that the Government's evidence against him is "circumstantial at best" and that he has "consistently insisted he is being framed for crimes he did not commit." Defendant states that he has a recorded and written confession from Tiffinie Hale[1] admitting to the crimes, and he therefore requests the Court dismiss the indictment.[2]

## LAW

Defendants do not have a "constitutional right to hybrid representation." *United States v. Obgonna*, 184 F.3d 447, 449 (5th Cir. 1999) (citation omitted). Defendants who are represented by counsel in the district court are not entitled to

---

[1] This is the Defendant's fiancé.

[2] The Defendant specifically asks this Court "grant this motion to dismiss." For purposes of this opposition, the Government assumes the Defendant is referring to a dismissal of the indictment.

file pro se motions on their behalf.  See, e.g. *United States v. Alvarado*, 321 F.App'x. 399, 400 (5th Cir. 2009).

Furthermore, an indictment may be dismissed for defects including duplicity; multiplicity; lack of specificity; improper joinder; and failure to state an offense. Fed. R. Crim. 12(b)(3)(B).  A defendant may not seek pre-trial dismissal of an indictment on the ground that its allegations are not supported by adequate or competent evidence.  *Costello v. United States*, 350 U.S. 359, 364 (1956).

## ANALYSIS

The Defendant is represented by counsel.  He is therefore not entitled to file pro se motions on his behalf.  This Court should deny the pro se "Motion to Dismiss/Insufficient Evidence" without necessity of addressing the merits.

Furthermore, according to Fed R. Crim. P. 12(b)(3)(B), motions to dismiss are based on the legal insufficiency of an indictment.  A claim of insufficient evidence is not a basis for dismissal.  See, e.g. *United States v. Knox*, 396 U.S. 77, 83 (1969) (stating that evidentiary questions "should be determined initially at trial, and not on a motion to dismiss under Federal Rule of Criminal Procedure 12(b)(1)"). Defendant's motion is therefore improper.

Finally, the Defendant has pled guilty to Receipt of Child Pornography as contained in the Superseding Indictment.  He signed a written factual basis in connection the plea agreement, and he admitted to the facts of his offense in open court.  The statement by Tiffinie Hale was known to the Defendant prior to his guilty plea (i.e., he tendered the recording to the Government during discovery).  Therefore,

even if he could seek dismissal of the indictment based upon an evidentiary claim, Defendant's guilty plea was made knowingly and intelligently.

## CONCLUSION

In light of the foregoing, the Government respectfully requests this Court deny the pro se "Motion to Dismiss/Insufficient Evidence" without necessity of a hearing.

Respectfully submitted,

DAVID C. JOSEPH
UNITED STATES ATTORNEY

BY:   /s/  *Jessica D. Cassidy*
JESSICA D. CASSIDY (LA Bar #34477)
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA   71101
(318) 676-3600

## CERTIFICATE OF SERVICE

I certify that on February 20, 2020, the above "United States' Opposition to Motion to Dismiss/Insufficient Evidence" was filed electronically with the Clerk of Court using the CM/ECF system. A true and correct copy has been served on Christopher Stamper by United States mail at the below address:

Christopher Stamper
#3042432
4801 Hwy 165 By-Pass
Monroe, LA 71210

                              By:    /s Jessica D. Cassidy
                                       JESSICA D. CASSIDY
                                       Assistant United States Attorney