UNITED STATES OF AMERICA

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 3:19-cr-00033-01 |
| | * | |
| VERSUS | * | |
| | * | DISTRICT JUDGE DOUGHTY |
| CHRISTOPHER JOE STAMPER | * | MAGISTRATE JUDGE HAYES |

**UNITED STATES' OPPOSITION TO PRO SE
MOTION TO DISMISS COUNSEL**

NOW INTO COURT, through the United States Attorney and undersigned Assistant United States Attorney, comes the United States of America, which requests this Court deny the Pro Se "Motion to Dismiss Counsel/Ineffective Assist with Counsel" without necessity of a hearing for the reasons that follow:

**PROCEDURAL HISTORY**

On January 23, 2019, Defendant was charged by Indictment with two counts of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Rec. Doc. 24.

Two days later, the defense filed a Motion for Psychiatric Examination requesting Defendant be evaluated for both competency and sanity. Rec. Doc. 15. Defendant was evaluated by the Bureau of Prisons from February 15, 2019 through April 1, 2019, at the conclusion of which he was found competent and sane.

The defense sought a second expert opinion on the issue. On September 16, 2019, and after review of his expert's report, the defense filed a "Withdrawal of Motion

to Determine Competency and Stipulation of Competency by Defendant." Rec. Doc. 42. Defendant signed the filing and stipulated that "he is competent to proceed in this matter."

On October 23, 2019, Defendant was charged by Superseding Indictment with two counts of Possession of Child Pornography, one count of Receipt of Child Pornography, and one count of Coercion and Enticement. Rec. Doc. 152.

On December 3, 2019, Defendant pled guilty to Receipt of Child Pornography. Rec. Doc. 61. In exchange for his guilty plea, the Government agreed to dismiss at sentencing the remaining three counts in the Superseding Indictment. Rec. Doc. 181.

On February 14, 2020, Defendant filed a pro se "Motion to Dismiss Counsel/ Ineffective Assist with Counsel." Rec. Doc. 219. Defendant seems to claim that the advice of his counsel made him "[feel] that he had no choice but to take the plea offer." Defendant also complains that his counsel did not file a motion to withdraw his guilty plea based upon new evidence (i.e., a recorded statement from Tiffanie Hale).

## LAW

Defendants do not have a "constitutional right to hybrid representation." *United States v. Obgonna*, 184 F.3d 447, 449 (5th Cir. 1999) (citation omitted). Defendants who are represented by counsel in the district court are not entitled to file pro se motions on their behalf. See, e.g. *United States v. Alvarado*, 321 F.App'x. 399, 400 (5th Cir. 2009).

Nevertheless, ineffective assistance of counsel claims are governed by the framework set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on an ineffective assistance of counsel claim under the *Strickland* standard, a petitioner must show (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced him. *Id.* at 687. This Court need not address the two *Strickland* prongs in any particular order, and the defendant's failure to satisfy one means the court need not consider the other. *Id.*

In establishing deficient performance, the defendant must demonstrate that counsel's "acts or omissions were outside the wide range of professionally competent assistance," *Id.* at 690. "Given the almost infinite variety of possible trial techniques and tactics available to counsel, [the reviewing court] is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993) In short, "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter*, 562 U.S. 86, 110 (2011).

With regard to the prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

The right to counsel of choice does not extend to defendants who require counsel to be appointed for them. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006).

## ANALYSIS

Defendant is represented by counsel. He is therefore not entitled to file pro se motions on his behalf. This Court should deny the pro se "Motion to Dismiss Counsel/Ineffective Assist with Counsel" without necessity of addressing the merits.

Furthermore, Defendant fails to prove his counsel rendered deficient performance. To the contrary, Defendant's motion highlights detailed discussions with counsel before the guilty plea. The motion notes that Defendant and his counsel discussed the possible penalties associated with his plea, the possible penalties if convicted at trial, and whether the recorded statement by Tiffinie Hale was a viable defense to the charges.

Finally, the Government notes that it received from defense counsel a copy of the recorded statement of Tiffinie Hale in July of 2019. The recorded statement was known to Defendant well before his guilty plea in December 2019. Defense counsel was therefore not deficient in electing to not file a motion to withdraw the plea based upon "new evidence" because the recorded statement was not new evidence. Defendant similarly cannot prove that he suffered prejudice from defense counsel not filing a motion predicated on evidence known to his client at the time of the plea.

## CONCLUSION

In light of the foregoing, the Government respectfully requests this Court deny the pro se "Motion to Dismiss Counsel/Ineffective Assist with Counsel" without necessity of a hearing.

                Respectfully submitted,

                DAVID C. JOSEPH
                UNITED STATES ATTORNEY

BY:    /s/ *Jessica D. Cassidy*
           JESSICA D. CASSIDY (LA Bar #34477)
           Assistant United States Attorney
           300 Fannin Street, Suite 3201
           Shreveport, LA   71101
           (318) 676-3600

## CERTIFICATE OF SERVICE

I certify that on February 20, 2020, the above "United States' Opposition to Motion to Dismiss Counsel/Ineffective Assist with Counsel" was filed electronically with the Clerk of Court using the CM/ECF system.   A true and correct copy has been served on Christopher Stamper by United States mail at the below address:

Christopher Stamper
#3042432
4801 Hwy 165 By-Pass
Monroe, LA 71210


By:   /s Jessica D. Cassidy
      JESSICA D. CASSIDY
      Assistant United States Attorney