UNITED STATES OF AMERICA

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 3:19-cr-00033-01 |
| | * | |
| VERSUS | * | |
| | * | DISTRICT JUDGE DOUGHTY |
| CHRISTOPHER JOE STAMPER | * | MAGISTRATE JUDGE HAYES |

**UNITED STATES' OPPOSITION TO**
**PRO SE MOTION TO WITHDRAW PLEA OF GUILTY**

NOW INTO COURT, through the United States Attorney and undersigned Assistant United States Attorney, comes the United States of America, which requests this Court deny the pro se "Motion to Dismiss Counsel/Ineffective Assist with Counsel" without necessity of a hearing for the reasons that follow:

**PROCEDURAL HISTORY**

On January 23, 2019, Defendant was charged by Indictment with two counts of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Rec. Doc. 24.

Two days later, the defense filed a Motion for Psychiatric Examination requesting Defendant be evaluated for both competency and sanity. Rec. Doc. 15. Defendant was evaluated by the Bureau of Prisons from February 15, 2019 through April 1, 2019, at the conclusion of which he was found competent and sane.

The defense sought a second expert opinion on the issue. On September 16, 2019, and after review of his expert's report, the defense filed a "Withdrawal of Motion

to Determine Competency and Stipulation of Competency by Defendant." Rec. Doc. 42. Defendant signed the filing and stipulated that "he is competent to proceed in this matter."

On October 23, 2019, Defendant was charged by Superseding Indictment with two counts of Possession of Child Pornography, one count of Receipt of Child Pornography, and one count of Coercion and Enticement. Rec. Doc. 152.

On December 3, 2019, Defendant pled guilty to Receipt of Child Pornography. Rec. Doc. 61. In exchange for his guilty plea, the Government agreed to dismiss at sentencing the remaining three counts in the Superseding Indictment. Rec. Doc. 181.

On February 14, 2020, Defendant filed a pro se "Motion to Withdraw Plea of Guilty." Rec. Doc. 219. He claims that "further information has been developed that will assist [him] in his defense." Defendant specifically identifies the "new information" as a recorded statement from Tiffinie C. Hale wherein she confesses to committing the crimes for which Defendant was charged. Defendant therefore claims he should be entitled to withdraw his guilty plea.

## LAW

Defendants do not have a "constitutional right to hybrid representation." *United States v. Obgonna*, 184 F.3d 447, 449 (5th Cir. 1999) (citation omitted). Defendants who are represented by counsel in the district court are not entitled to file pro se motions on their behalf. See, e.g. *United States v. Alvarado*, 321 F.App'x. 399, 400 (5th Cir. 2009).

A defendant does not have an absolute right to withdraw his guilty plea. *United States v. Powell*, 354 F. 3d 362, 370 (5th Cir. 2003); *United States v. Brewster*, 137 F.3d 853, 857 (5th Cir.1998). Instead, the district court may, in its discretion, permit withdrawal before sentencing if the defendant can show a "fair and just reason." FED. R. CRIM. P. 11(d)(2); *Powell,* 354 F.3d at 370. The burden of establishing a "fair and just reason" for withdrawing a guilty plea remains at all times with the defendant. *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996).

In considering whether to permit withdrawal of a plea, the district court should address the seven factors set forth in *Carr*. These include (1) whether the defendant asserted his actual innocence; (2) whether withdrawal would prejudice the government; (3) the extent of the delay, if any, in filing the motion to withdraw; (4) whether withdrawal would substantially inconvenience the court; (5) whether the defendant had the benefit of close assistance of counsel; (6) whether the guilty plea was knowing and voluntary; and (7) the extent to which withdrawal would waste judicial resources. *Id.* at 343-44.

In analyzing the *Carr* factors, the district court is to consider all of the circumstances. *Carr*, 740 F.2d at 344. No single one is dispositive. *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). A finding need not be made as to each factor. *McKnight*, 570 F.3d at 646.

## ANALYSIS

Defendant is represented by counsel. He is therefore not entitled to file pro se motions on his behalf. This Court should deny the pro se "Motion to Withdraw Plea of Guilty" without necessity of addressing the merits.

Regardless, Defendant has not shown a "fair and just reason" to withdraw his plea. FED. R. CRIM. P. 11(d)(2). Defendant asserts a claim of actual innocence based upon the recorded statement of Tiffinie Hale. However, the defense tendered this recording to the Government approximately five months before the guilty plea. This information was known to the Defendant at the time of his plea and he elected to plead guilty in spite of this information. Defendant fails to articulate any additional *Carr* factors to justify the withdrawal of his plea.

## CONCLUSION

In light of the foregoing, the Government respectfully requests this Court deny the pro se "Motion to Withdraw Plea of Guilty" without necessity of a hearing.

Respectfully submitted,

        DAVID C. JOSEPH
        UNITED STATES ATTORNEY

BY:   /s/ *Jessica D. Cassidy*
        JESSICA D. CASSIDY (LA Bar #34477)
        Assistant United States Attorney
        300 Fannin Street, Suite 3201
        Shreveport, LA 71101
        (318) 676-3600

## CERTIFICATE OF SERVICE

I certify that on February 20, 2020, the above "United States' Opposition to Motion to Withdraw Plea of Guilty" was filed electronically with the Clerk of Court using the CM/ECF system. A true and correct copy has been served on Christopher Stamper by United States mail at the below address:

Christopher Stamper
#3042432
4801 Hwy 165 By-Pass
Monroe, LA 71210

                                                   By:   /s Jessica D. Cassidy
                                                               JESSICA D. CASSIDY
                                                               Assistant United States Attorney