# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:19-CR-00033** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CHRISTOPHER JOE STAMPER** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Pending here is Defendant Christopher Joe Stamper's ("Defendant") *pro se* Motion to be Allowed to Withdraw Plea of Guilty [Doc. No. 72]. The Government has filed an opposition [Doc. No. 81].

On January 23, 2019, Defendant was charged by Indictment with two counts of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). [Doc. No. 9]. Two days later, the defense filed a Motion for Psychiatric Examination requesting Defendant be evaluated for both competency and sanity. [Doc. No. 15]. Defendant was evaluated by the Bureau of Prisons from February 15, 2019, through April 1, 2019, at the conclusion of which he was found competent and sane. The defense sought a second expert opinion on the issue. On September 16, 2019, and after review of his expert's report, the defense filed a "Withdrawal of Motion to Determine Competency and Stipulation of Competency by Defendant." [Doc. No. 42]. Defendant signed the filing and stipulated that "he is competent to proceed in this matter." [*Id.*]

On October 23, 2019, Defendant was charged by Superseding Indictment with two counts of Possession of Child Pornography, one count of Receipt of Child Pornography, and one count of Coercion and Enticement. [Doc. No. 48]. On December 3, 2019, Defendant pled guilty to

Receipt of Child Pornography. [Doc. No. 61]. In exchange for his guilty plea, the Government agreed to dismiss at sentencing the remaining three counts in the Superseding Indictment. [Doc. No. 63]. Sentencing was set for April 1, 2020. [Doc. No. 61].

On January 15, 2020, Defendant, through counsel, filed his first Motion to Withdraw Plea [Doc. No. 65], which the Court denied on January 16, 2020 [Doc. No. 67].

On February 14, 2020, Defendant filed the pending motion *pro se*. The motion states "further information has been developed that will assist [him] in his defense." Defendant specifically identifies the "new information" as a recorded statement from Tiffinie C. Hale wherein she confesses to committing the crimes for which Defendant was charged. Defendant therefore claims he should be entitled to withdraw his guilty plea.

Defendants do not have a "constitutional right to hybrid representation." *United States v. Obgonna*, 184 F.3d 447, 449 (5th Cir. 1999) (citation omitted). Defendants who are represented by counsel in the district court are not entitled to file *pro se* motions on their behalf. *See, e.g. United States v. Alvarado*, 321 F. App'x. 399, 400 (5th Cir. 2009). For this reason, Defendant's motion will be DENIED.

Additionally, even if the Court were to consider the merits of the motion, the Court would deny the motion.

The standard for determining whether or not a defendant may withdraw his guilty plea prior to sentencing is whether "for any reason the granting of the privilege seems fair and just." *United States v. Rasmussen,* 642 F.2d 165, 167 (5th Cir. 1981) (quoting *Kercheval v. United States,* 274 U.S. 220, 224 (1927)); *United States v. Pressley,* 602 F.2d 709, 711 (5th Cir. 1979).

"Courts have considered various elements and factors when applying this standard. The factors that should be considered when applying this standard are: (1) whether or not the

defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion." *United States v. Carr*, 740 F.2d 339, 343-344 (5th Cir. 1984). "It should also be remembered that the defendant has the burden of proving the withdrawal is justified." *Id*. "It is well settled that there is no absolute right to withdraw a guilty plea before the imposition of sentence." *Id*.

In analyzing the *Carr* factors, the district court is to consider all of the circumstances. *Carr*, 740 F.2d at 344. No single one is dispositive. *United States v. Lampazianie*, 251F.3d 519, 524 (5th Cir. 2001). A finding need not be made as to each factor. *United States v. McKnight*, 570 F.3d 641, 646.

Defendant asserts a claim of actual innocence based upon the recorded statement of Tiffinie Hale. However, the defense tendered this recording to the Government in July of 2019, approximately five months before the guilty plea. [Doc. No. 80, p.4]. Therefore, this information was known to the Defendant at the time of his plea, and he elected to plead guilty in spite of this information. Defendant fails to articulate any additional *Carr* factors to justify the withdrawal of his plea.

The Court further notes that, on November 22, 2019, Defendant signed the Written Factual Basis filed in connection with his guilty plea. [Doc. No. 63-2]. By doing so, he

acknowledged in writing that he knowingly solicited and received from an 11-year old girl photographs that constituted child pornography. During his guilty plea colloquy nearly two weeks later, Defendant verbally affirmed that the facts contained in the Written Factual Basis were accurate. Defendant also confirmed that he had an adequate opportunity to discuss the matter with counsel. In light of Defendant's written and verbal admissions of guilt, the Court cannot give any credence to the claim of innocence.

Therefore, for these reasons,

**IT IS ORDERED** that Defendant Christopher Joe Stamper's Motion to be Allowed Withdraw Plea of Guilty [Doc. No. 72] is **DENIED**.[1]

**Monroe, Louisiana,** this 24th day of February, 2020.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendant has not requested an evidentiary hearing, but the Court nevertheless has considered whether a hearing should be conducted. "Although defendants are not entitled to an evidentiary hearing, a hearing is required when the defendant alleges sufficient facts which, if proven, would justify relief." *United States v. Hurt,* 742 Fed. App'x 857, 859 (5th Cir. 2018). Defendant does not show that his allegations, if true, would overcome the strong presumption in favor of the affirmations he made in the plea proceedings. *See id.*, citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Therefore, the Court finds that a hearing is not required.