# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:19-CR-00033** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CHRISTOPHER JOE STAMPER** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Pending here is Defendant Christopher Joe Stamper's ("Defendant") *pro se* "Motion to Dismiss/Insufficient Evidence [Doc. No. 74]. The Government has filed an opposition [Doc. No. 78].

On January 23, 2019, Defendant was charged by Indictment with two counts of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). [Doc. No. 9]. Two days later, the defense filed a Motion for Psychiatric Examination requesting Defendant be evaluated for both competency and sanity. [Doc. No. 15]. Defendant was evaluated by the Bureau of Prisons from February 15, 2019, through April 1, 2019, at the conclusion of which he was found competent and sane. The defense sought a second expert opinion on the issue. On September 16, 2019, and after review of his expert's report, the defense filed a "Withdrawal of Motion to Determine Competency and Stipulation of Competency by Defendant." [Doc. No. 42]. Defendant signed the filing and stipulated that "he is competent to proceed in this matter." [*Id.*]

On October 23, 2019, Defendant was charged by Superseding Indictment with two counts of Possession of Child Pornography, one count of Receipt of Child Pornography, and one count of Coercion and Enticement. [Doc. No. 48]. On December 3, 2019, Defendant pled guilty to

Receipt of Child Pornography. [Doc. No. 61]. In exchange for his guilty plea, the Government agreed to dismiss at sentencing the remaining three counts in the Superseding Indictment. [Doc. No. 63]. Sentencing was set for April 1, 2020. [Doc. No. 61].

On February 14, 2020, Defendant filed the pending motion *pro se*. He claims that the Government's evidence against him is "circumstantial at best" and that he has "consistently insisted he is being framed for crimes he did not commit." Defendant states that he has a recorded and written confession from Tiffinie Hale admitting to the crimes, and he, therefore, requests the Court dismiss the indictment.

Defendants do not have a "constitutional right to hybrid representation." *United States v. Obgonna*, 184 F.3d 447, 449 (5th Cir. 1999) (citation omitted). Defendants who are represented by counsel in the district court are not entitled to file *pro se* motions on their behalf. *See, e.g. United States v. Alvarado*, 321 F. App'x. 399, 400 (5th Cir. 2009). For this reason, Defendant's motion will be DENIED.

Additionally, even if the Court were to consider the merits of the motion, the Court would deny the motion. An indictment may be dismissed for defects including duplicity; multiplicity; lack of specificity; improper joinder; and failure to state an offense. Fed. R. Crim. 12(b)(3)(B). A defendant may not seek pre-trial dismissal of an indictment on the ground that its allegations are not supported by adequate or competent evidence. *Costello v. United States*, 350 U.S. 359, 364 (1956).

Furthermore, Defendant has pled guilty to Receipt of Child Pornography as contained in the Superseding Indictment. He signed a written factual basis in connection the plea agreement, and he admitted to the facts of his offense in open court. The statement by Tiffinie Hale was known to the Defendant prior to his guilty plea (i.e., he tendered the recording to the

Government during discovery). Therefore, even if he could seek dismissal of the indictment based upon an evidentiary claim, Defendant's guilty plea was made knowingly and intelligently.

Accordingly, for these reasons,

**IT IS ORDERED** that Defendant Christopher Joe Stamper's Motion to Dismiss/Insufficient Evidence [Doc. No. 74] is **DENIED**.[1]

**Monroe, Louisiana,** this 24th day of February, 2020.

                                          **TERRY A. DOUGHTY**
                                          **UNITED STATES DISTRICT JUDGE**

---

[1] Defendant has not requested an evidentiary hearing, but the Court nevertheless has considered whether a hearing should be conducted. "Although defendants are not entitled to an evidentiary hearing, a hearing is required when the defendant alleges sufficient facts which, if proven, would justify relief." *United States v. Hurt,* 742 Fed. App'x 857, 859 (5th Cir. 2018). Defendant does not show that his allegations, if true, would overcome the strong presumption in favor of the affirmations he made in the plea proceedings. *See id.*, citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Therefore, the Court finds that a hearing is not required.