Page 1 of 6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 13 2020

TONY R. MOORE, CLERK
BY _____
DEPUTY

UNITED STATES OF AMERICA : CRIMINAL NO
                          3:19-cr-00033-01

VERSUS              : JUDGE DOUGHTY

CHRISTOPHER JOE STAMPER : MAGISTRATE HAYES

MOTION TO WITHDRAW PLEA / NEW EVIDENCE /
THREATENED AND COERCED / INEFFECTIVE
ASSIST WITH COUNSEL

(1)

The defendant is aware that according
to U.S. V. Obganna, he does not have a
"Constitutional right to hybrid representation."
And according to U.S. V. Alvarado, "he is not
entitled to file pro se motions on his
behalf." However, due to mitigating
circumstances the petitioner prays that
this Honorable Court consider these
following facts.

(2)

Further information and new evidence has
developed that will assist him in his defense.

(3)

New Evidence— There are two written
Confessions from Tiffinie C. Hale, that she is in
fact guilty of all indictments both State of
Louisiana and United States, against the
defendant Christopher Joe Stamper. There are
also several written witness statements that
Tiffinie C. Hale, verbally confessed to committing
the following offenses on his devices.

page 2 of 6

1. COERCION AND ENTICEMENT
2. RECEIPT OF CHILD PORNOGRAPHY
3. POSSESSION OF CHILD PORNOGRAPHY
   Two Counts.
4. FIVE COUNTS OF RECEIPT OF CHILD PORNOGRAPHY. (LA)

Tiffinie C. Hale, futher states that Christopher Joe Stamper, had no involvement or knowledge of the above offenses.

④

Threatened and coerced Walter M. Caldwell, wrote a letter to the defendant stating that the A.U.S.A. did not believe that the verbal recorded confession from Tiffinie C. Hale on Feb. 19, was about the 11 year old victim and that even if she were the A.U.S.A. believes the statement from Tiffinie C. Hale is a "Half Hearted Attempt" to save the defendant. In addition, Walter M. Caldwell, later told the defendant that as a result of the A.U.S.A. not believing the Tiffinie C. Hale confession that he could not use the confession as a defense and "That He Would More Than Likely Lose In Trial", "Receive The Maximum Sentence Allowed" And "His Children Would Be Placed In State's Custody" Thus resulting in the defendant signing the written Factual Basis and giving a verbal confession in open Court. Due to the way the above mentioned information was delivered to the defendant it was in fact THREATENING.



(5.)                                    page 3 of 6

Also, the defendant asked his appointed
Counsel was there anyway to prove his innocence
and his Counsel plainly stated;
" NO, INNOCENT MEN GO TO PRISON EVERY DAY."
When the defendant asked his Counsel for
advice Mr. Caldwell, told him if he took the
5-20 year plea that he would more than
likely get the minimum and be transfered
to Fort Worth Medical Center where he would
receive the necessary medical treatment for
his two terminal illnesses, (i.e.) Arnald Chiari
Malformation (Type 1), Lupus (SLE). The
delivery of this information was
intentionally used in a promising way to
persuade the defendant into accepting the
plea and the defendant was in fact
COERCED.

⑥                                    Page 4 of 6

<u>INEFFECTIVE ASSIST WITH COUNSEL</u> —

The defendant has proof that his appointed Counsel Walter M. Caldwell, has violated his 5th, 6th, and 14th Amendment Rights by not providing him with Effective Assist With Counsel. According to Strickland v. Washington, 466 U.S. 668 (1984).

① "Counsel's performance was deficient, in that it fell below an objective standard of reasonableness."

② "The deficient performance prejudiced him." Id. at 687.

Ⓐ Defendants Counsel, Walter M. Caldwell, filed multiple motions of which the defendant did not ask his Counsel to file, nor did Counsel inform him he was doing so. For instance, the motion concerning the defendant's "Mental Competency", was in fact "below an objective standard of reasonableness" due to the fact that the defendant never claimed to be "Mentally Incompetent", nor did he and Mr. Caldwell, discuss and agree to use this as a line of defense.

Ⓑ Mr. Caldwell, filed a "Motion To withdraw plea" on the grounds of "Mental Incompetency" Again, Mr. Caldwell's, "Performance was deficient, in that it fell below an objective standard of reasonableness" due to the fact that the defendant signed legal documents declaring his Mental Competence. Also, two expert psychologists concluded that the defendant is in fact "Mentally Competent".

(C.) Mr. Caldwell, failed to file a "Motion For Preliminary Examination" to allow this Honorable Court the opportunity to decide if it would allow the Verbal Recorded Confession into trial as evidence supporting the defendant's original and continued claim of innocence.

(D.) Also, Mr. Caldwell's, failure to file a "Motion To Withdraw Plea" on the grounds of "New Evidence" (i.e.) Two Written Confessions and multiple Written Witness Statements supporting the confession, did in fact "prejudice him" in that this Honorable Court DENIED the defendant's pro se motion due to the fact that his motion was improperly and poorly prepared due to the defendant's ignorance and lack of experience in filing pro se motions. In fact, Mr. Caldwell, still blatantly refuses to "effectively assist" his client with filing a proper "Motion To Withdraw plea".

(E.) While the defendant was undergoing his psychiatric evaluation at Fort Worth Medical Center he read in the prison law library that since he does in fact have terminal illnesses that he qualifies for a reduced sentence under the "Compassionate Release" law during his original sentencing. Again, Mr. Caldwell, refuses to file the proper motion that will "effectively assist" his client in receiving a possible reduction of sentence. Again this does in fact "prejudice him".

page 6 of 6

(F.) In Conclusion Concerning "Ineffective Assist
with Counsel", in Mr. Caldwell's, Opposition
to the Presentencing Investigative Report, he
basically states that the defendant is in
disagreement with the "Victim Impact." First,
the defendant is a father of a daughter close
to the age of the victim and believes the
United States probation's, Victim Impact
Report, is an understatement to say the
least. Second, the thought of the defendant
blaming that little girl for being Victimized,
let alone him having the audacity to imply
it's her fault is absurd. And not only does
Mr. Caldwell's report "prejudice him", it
makes the defendant who has proof that
he is in fact innocent of all Charges against
him look like a ruthless, heartless, and
Soulless demon. And the defendant assures
this Honorable Court that he never stated
anything anywhere near what his appointed
Counsel mr. Walter M. Caldwell, has implied
in his response.

(7)

Due to the aforementioned information
and facts. The petitioner humbly and
respectfully request that this Honorable
Court will order a hearing on this
"Motion To Withdraw Plea" at the defendant's
next Scheduled Court appearance on
April 1, 2020.

                    Respectfully submitted
                    [signature]
                    Pro se    3/11/2020