# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

**UNITED STATES OF AMERICA**  CASE NO. 3:19-CR-00033

**VERSUS**  JUDGE TERRY A. DOUGHTY

**CHRISTOPHER JOE STAMPER**  MAG. JUDGE KAREN L. HAYES

## MEMORANDUM ORDER

Pending here is Defendant Christopher Joe Stamper's ("Defendant") *pro se* "Motion to Withdraw Plea/New Evidence/Threatened and Coerced/Ineffective Assist with Counsel" [Doc. No. 89].

On January 23, 2019, Defendant was charged by Indictment with two counts of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). [Doc. No. 9]. Two days later, the defense filed a Motion for Psychiatric Examination requesting Defendant be evaluated for both competency and sanity. [Doc. No. 15]. Defendant was evaluated by the Bureau of Prisons from February 15, 2019, through April 1, 2019, at the conclusion of which he was found competent and sane. The defense sought a second expert opinion on the issue. On September 16, 2019, and after review of his expert's report, the defense filed a "Withdrawal of Motion to Determine Competency and Stipulation of Competency by Defendant." [Doc. No. 42]. Defendant signed the filing and stipulated that "he is competent to proceed in this matter." [*Id.*]

On October 23, 2019, Defendant was charged by Superseding Indictment with two counts of Possession of Child Pornography, one count of Receipt of Child Pornography, and one count of Coercion and Enticement. [Doc. No. 48]. On December 3, 2019, Defendant pled guilty to

Receipt of Child Pornography. [Doc. No. 61]. In exchange for his guilty plea, the Government agreed to dismiss at sentencing the remaining three counts in the Superseding Indictment. [Doc. No. 63]. Sentencing was set for April 1, 2020. [Doc. No. 61].

On January 15, 2020, Defendant, through counsel, filed his first Motion to Withdraw Plea [Doc. No. 65], which the Court denied on January 16, 2020 [Doc. No. 67].

On February 14, 2020, Defendant filed *pro se* a "Motion to Dismiss Counsel/Ineffective Assist with Counsel" [Doc. No. 71], which the Court set for hearing on April 1, 2020, to be held prior to sentencing on that date [Doc. No. 82].

On February 14, 2020, Defendant also filed *pro se* a "Motion to be Allowed to Withdraw Plea of Guilty" [Doc. No. 72]. Defendant contended that "further information has been developed that will assist [him] in his defense." Defendant specifically identified the "new information" as a recorded statement from Tiffinie C. Hale wherein she confesses to committing the crimes for which Defendant was charged. Defendant therefore claimed he should be entitled to withdraw his guilty plea.

On February 24, 2020, the Court denied Defendant's motion to be allowed to withdraw his guilty plea [Doc. No. 83]. The Court first noted that defendants do not have a "constitutional right to hybrid representation." *United States v. Obgonna*, 184 F.3d 447, 449 (5th Cir. 1999) (citation omitted). Defendants who are represented by counsel in the district court are not entitled to file *pro se* motions on their behalf. *See, e.g. United States v. Alvarado*, 321 F. App'x. 399, 400 (5th Cir. 2009). The Court denied the motion for that reason. [*Id.*]

The Court also stated that, even if the Court were to consider the merits of the motion, the Court would deny the motion. The Court then analyzed the motion in accordance with the seven factors set forth by the Fifth Circuit in *United States v. Carr*, 740 F.2d 339, 343-344 (5th Cir.

1984). The Court found that the recorded statement from Tiffinie C. Hale was in Defendant's possession prior to his guilty plea. The Court further noted that, on November 22, 2019, Defendant signed the Written Factual Basis filed in connection with his guilty plea. [Doc. No. 63-2]. By doing so, he acknowledged in writing that he knowingly solicited and received from an 11-year old girl photographs that constituted child pornography. During his guilty plea colloquy nearly two weeks later, Defendant verbally affirmed that the facts contained in the Written Factual Basis were accurate. Defendant also confirmed that he had an adequate opportunity to discuss the matter with counsel. In light of Defendant's written and verbal admissions of guilt, the Court denied his motion to withdraw his guilty plea [*Id.*]

Defendant's pending motion to withdraw his guilty plea is once again based on his claim of actual innocence in view of Tiffinie C. Hale's alleged confessions, a claim which the Court has previously ruled on.[1]

Defendant has requested an evidentiary hearing. "Although defendants are not entitled to an evidentiary hearing, a hearing is required when the defendant alleges sufficient facts which, if proven, would justify relief." *United States v. Hurt,* 742 Fed. App'x 857, 859 (5th Cir. 2018). Defendant does not show that his allegations, if true, would overcome the strong presumption in favor of the affirmations he made in the plea proceedings. *See id.*, *citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Therefore, the Court finds that a hearing is not required.

Accordingly, for the same reasons set forth in the Court's previous ruling [Doc. No. 83],

---

[1] Defendant additionally makes claims regarding his counsel which will be addressed at the hearing on April 1, 2020.

**IT IS ORDERED** that Defendant Christopher Joe Stamper's *pro se* Motion to Withdraw Guilty Plea [Doc. No. 89] is **DENIED.**

**Monroe, Louisiana,** this 16th day of March, 2020.

                                                 **TERRY A. DOUGHTY**
                                                 **UNITED STATES DISTRICT JUDGE**