UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

UNITED STATES OF AMERICA                         CRIM. No. 3:19-0033-01

VERSUS                                           JUDGE TERRY A. DOUGHTY

CHRISTOPHER JOE STAMPER                           MAG. JUDGE KAREN L. HAYES

MEMORANDUM RULING ON
DEFENDANT'S MOTION FOR VARIANCE

Pending before the Court is Defendant Christopher Joe Stamper's Motion for Variance

[Doc. No. 86].    Defendant contends that, in preparing the Pre-Sentence Report ("PSR"), the

Probation Officer improperly used the cross reference contained in U.S.S.G. §2G2.2(c), which

moves  Defendant out of the ambit of the conduct of which he has plead guilty to that of his

alleged real conduct, and, application of the much more punitive U.S.S.G. §2G2.1. This yielded a

score of 40 and a suggested guideline range of 292 to 365 months. Application of U.S.S.G.

§2G2.1 results in a suggested sentence that exceeds the statutory maximum for the crime to

which Defendant has plead guilty. However, as the statutorily authorized maximum sentence is

20 years, the guideline term of imprisonment is 240 months. *See* PSR Paragraph 68.

Defendant asks this Court to impose a sentence that does not take into account the

application of U.S.S.G. § 2G2.2(c). He argues that (1) his offense is less serious than the offenses

Congress had in mind and the application of the cross reference contemplates, (2) his requested

sentence will avoid unwarranted sentence disparities among defendants with similar records who

have been found guilty of similar conduct, and (3) the enhancements adopted by the Commission

were not based on empirical data and national experience. Defendant asks this Court to consider

granting a variance that would confirm with U.S.S.G. § 2G2.2, and to impose a sentence of 60 months (i.e., the statutory minimum sentence for Receipt of Child Pornography).

Post-*Booker*, the Sentencing Guidelines are advisory only. *United States v. Santos-Cortez*, 558 Fed. App'x. 407, 408 (5th Cir. 2014). Nevertheless, district courts must still properly calculate the Guideline-sentencing rage for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 49-50. After calculating the advisory guidelines range, courts must then make an individualized assessment based on the facts of the case in light of 18 U.S.C. 3553(a). *United States v. Rodriguez-Ortega*, 600 Fed. App'x 289, 290 (5th Cir.2015). A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable. *United States v. Campos-Maldonado*, 531 F. 3d 337, 338 (5ᵗʰ Cir. 2008) (*per curiam*).

The Court finds that the application of U.S.S.G. § 2G2.2(c) is appropriate in this case. Pursuant to USSG § 1B1.1 (Application Instructions), "The Court shall determine the kinds of sentences and the guideline range as set forth in the guidelines by applying the provisions of the manual by determining the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction; and determine the base offense level and apply any appropriate specific offense characteristics, *cross references*, and special instructions contained in the particular guideline in Chapter Two in the order listed." (Emphasis added).

Pursuant to USSG § 1Bl.l, comment. (n.l (H)), "Offense" means the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context.

"[A]ll cross references in Chapter Two shall be determined on the basis of the following: all acts ... committed ... or willfully caused by the defendant that occurred during the commission of the offense of conviction." U.S.S.G. § 1B1.3(1)(A).

According to U.S.S.G. § 2G2.2(c)(1), "if the offense involved causing ... a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, apply 2G2.1 if the resulting offense level is greater than determined above."

Pursuant to U.S.S.G. § 2G2.2, comment. (n.5), the cross reference in subsection (c)(1) is to be construed broadly and includes all instances where the offense involves employing, using, persuading, inducing, enticing, coercing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting any visual depiction of such conduct.

The facts of this case indicate Defendant, who was 27 years old at the time of the offense, began chatting in a sexually explicit way with a person who he knew was an 11-year-old girl. After some time, in the conversation, Defendant instructed the young girl how to masturbate and then during the process demanded to see either by pictures or by videos the course of illicit behavior by the child. Because he instructed the child how to masturbate and coerced her to send either video or pictures via text messaging during the sexual act, the Court finds there is an adequate basis for the cross reference. Defendant's willful and calculated acts brought his conduct squarely within the ambit of U.S.S.G. § 2G2.2(c)(1).

Additionally, the factors set out in 18 U.S.C. § 3553(a) warrant a guideline sentence (or, in this case, the statutory maximum sentence), inasmuch as Defendant is alleged to have committed this crime while on bond for an unrelated Possession of Child Pornography charge.  Thus, the maximum sentence is necessary to deter criminal conduct. According to the Government, in November 2017, an image of child pornography was uploaded to a website known as

www.motherless.com. The image depicted a nude girl between the ages of four and six. The Ouachita Parish Sheriff's Office investigated the image and determined it had been uploaded from an IP address associated with Defendant's home. In February 2018, Detectives executed a search warrant at Defendant's residence. They seized and searched Defendant's cell phone, which contained five additional images of child pornography. Defendant was arrested and charged with five counts of Possession of Child Pornography.

Within nine months of being released on bond, Defendant committed the instant crime of Receipt of Child Pornography. When agents went to arrest him, they found yet another image of child pornography (unrelated to any of the prior victims) on Defendant's cell phone. It is evident that, even pending charges, the risk of imprisonment, and sex offender registration requirements did not dissuade Defendant from committing additional crimes against children. Therefore, the maximum sentence is necessary to deter Defendant's criminal conduct.

Furthermore, the maximum sentence will protect the public (minor children, in particular) from further crimes of Defendant. Defendant met the victim on Avakin Life, an interactive mobile gaming application.  Avakin Life is just one of the million gaming applications available to anyone with an internet connection and a mobile device. The opportunities for Defendant to interact with and victimize other minor children are limitless. The maximum sentence is necessary to protect the public from further crimes of Defendant.

Defendant has failed to establish that (1) his offense is less serious than the offenses Congress had in mind and the application of the cross reference contemplates, (2) his requested sentence will avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and (3) the enhancements adopted by the Commission were not based on empirical data and national experience.

The guideline imprisonment range was correctly calculated based upon Defendant's conduct during the commission of the offense.[1] Given the nature of his crime, his repeated criminal behavior, and his lack of remorse, Defendant does not merit a downward variance from the sentencing guideline range.  Accordingly,

**IT IS ORDERED** that Defendant's Motion for Variance [Doc. No. 86] is **DENIED**.

Monroe, Louisiana, this 3rd day of June, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[1] The Court, in a different ruling, granted Defendant's objection to PSR insofar as it did not give Defendant a 3 level decrease in his Total Offense Level, resulting in his new Total Offense Level being 37, and the guideline sentencing range being 210 to 240 months.  The maximum would normally be 262 months but there is a statutory maximum of 20 years.