UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

UNITED STATES OF AMERICA               CRIMINAL N0. 3:19-00033

VERSUS                                 JUDGE TERRY A. DOUGHTY

CHRISTOPHER JOE STAMPER                 MAG. JUDGE KAYLA D. MCCLUSKY

MEMORANDUM RULING

Before the Court is a Motion to Vacate [Doc. No. 134] filed by Defendant, Christopher

Joe Stamper ("Stamper"), pursuant to 28 U.S.C.§ 2255.  In his motion, Stamper seeks to set aside

his conviction and sentence to Possession of Child Pornography pursuant to 18 U.S.C. §

2252A(a)(5)(B).

A Response [Doc. No. 141] was filed by the United States of America ("Government")

on August 19, 2021.

For the reasons set forth herein, Stamper's Motion to Vacate is DENIED.

I.      BACKGROUND

On January 23, 2019, the Indictment of Stamper [Doc. No. 10] was filed showing

indictment on two counts of Possession of Child Pornography and one count of Receipt of Child

Pornography.  He was arraigned and pled not guilty [Doc. No. 18] on January 25, 2019.  A

Superseding Indictment [Doc. No. 49] was returned on October 23, 2019, charging Stamper with

two counts of Possession of Child Pornography (involving prepubescent minors under the age of

12), one count of Receipt of Child Pornography (involving prepubescent minors under the age of

12) and one count of Coercion and Enticement of a Minor Under the age of 18.  Stamper was

arraigned again on November 6, 2019 and pled not guilty to the charges [Doc. No. 59].  A jury

trial was fixed for January 13, 2020.

On December 3, 2019, pursuant to a plea agreement, Stamper pled guilty to Count One of the superseding indictment to the charge of Receipt of Child Pornography involving prepubescent minors under the age of 12, in violation of 18 U.S.C. § 2252A(a)(2)(A).  A Plea Agreement [Doc. No. 63] was filed into the record on December 3, 2019.  The Plea Agreement stated that Stamper was to plead guilty to Count One of the superseding indictment, that the Government would dismiss the remaining counts of the superseding indictment after sentencing, and the Government would recommend a one-point reduction in Stamper's offense level if the offense level were 16 or greater [Doc. No. 63 p. 1-2].

The Plea Agreement further stated that the maximum punishment on Count One is a term of imprisonment of not less than five (5) years and not more than twenty (20) years (pursuant to 18 U.S.C. § 2252A(a)(2)(A), and a fine of not more than $250,000. [Doc. No. 63, p.2].  The Plea Agreement was signed by Stamper on December 3, 2019.  Additionally, Stamper signed a document entitled Understanding of Maximum Penalty and Constitutional Rights on November 22, 2019.  [Doc. No. 63-1]

Stamper also agreed to and signed a stipulated Factual Basis [Doc. No. 63-2] on November 22, 2019.  In the Factual Basis, Stamper stipulated that in November 2018, he began communicating with an 11-year-old girl named K.M.C. on a mobile app named Avakin Life.  Stamper further stipulated that on November 2, 2018, he and K.M.C. began conversing through text messages.  K.M.C. told him she was 11 years old.  Stamper responded, "I'm not mad I like u but I don't want to get caught."  Also on November 2, 2018,   Stamper asked K.M.C. to talk "sexually" with him.  They proceeded to engage in "role-playing" conversations that were sexually explicit in nature.  Stamper then asked to see K.M.C. in various stages of undress.  K.M.C. sent multiple pictures of herself including one of her exposed breasts.  Stamper asked her

to "take one lower" and K.M.C. sent to him a picture of her nude pubic region.  After receiving the message, Stamper responded, "Very sexy."

Stamper agreed to stipulate that the Factual Basis adequately described his role in the offense of Receipt of Child Pornography.

In a transcript [Doc. No. 118] of the December 3, 2019 guilty plea, Stamper was sworn in, questioned, and found competent to proceed [Doc. No. 118 p. 4-6].  Stamper stated to the Court, "I'm pleading to Count One of the Indictment"  [Doc. No. 118, p.4]. Stamper's attorney stated a request to have his competency reviewed had been filed.  The Bureau of Prisons found Stamper competent, and their own independent expert also found him competent [Doc. No. 118, p. 5-6].

Stamper was advised of his constitutional rights, and he acknowledged that he understood them [Doc. No. 118 p. 6-8].  Further, he understood the charge he was pleading guilty to, the elements of the charge, and the maximum sentence [Doc. No. 118, p 8-10].  When asked to explain what he was charged with, Stamper stated, "Receiving child pornography." [Id., p 10].

Additionally, the terms of the Plea Agreement were stated in Stamper's presence, and he stated the terms were correct [Id. p. 16].  Stamper also understood that the guideline sentence could not be calculated until the presentence report had been completed, and that the Court could impose a sentence that was more severe or less severe than the guideline sentence [Id. p.17].  Stamper stated he had read the Factual Basis and agreed with it [Id. p. 18].  He was further asked whether, as charged in Count One, he knowingly received child pornography, and he stated, "Yes, sir." [Id. p 18].

After the December 3, 2019 plea was accepted, Stamper evidently changed his mind.  On January 15, 2020, Stamper filed a Motion to Withdraw Plea [Doc. No. 65].  In the motion,

Stamper indicated that he refused to meet with Probation for preparation of his Presentence

Investigative Report, now maintaining his innocence.  He directed his attorney to file the Motion

to Withdraw Plea of Guilty and question his competency.[1]  The Government filed Opposition

[Doc. No. 66] to Stamper's Motion to Withdraw and the motion [Doc. No. 65] was denied on

January 16, 2020 [Doc. No. 67].

       Sentencing was originally set for April 1, 2020.  A Presentence Report was prepared, and

Stamper's attorney filed Objections [Doc. No. 70], arguing that the application of paragraph (C)

to U.S.S.G. § 2G2.2 resulted in a base level of 32, which resulted in the guideline being in excess

of the statutory maximum of 20 years.  Thereafter, Stamper filed[2] a Motion to Dismiss

Counsel/Ineffective Assistance of Counsel [Doc. No. 71], another Motion to Withdraw Plea of

Guilty [Doc. No. 72], a Motion for Discovery [Doc. No. 73], and a Motion to

Dismiss/Insufficient Evidence [Doc. No. 74].  In his motions, Stamper argued that his phone was

used by Tiffany C. Hale ("Hale"), who intentionally set him up to look as if he committed the

crimes.  He also sought to have his appointed attorney dismissed due to the failure to use this

defense.  Stamper alleged this information regarding Hale was new evidence that he was not

aware of at the time of his plea.

       The Government filed Oppositions to all of Stamper's motions [Doc. Nos. 78, 79 80, and

81].  All of these motions other than the Motion to Dismiss Counsel [Doc. No. 71], were denied

on February 24, 2020 [Doc. Nos. 83, 84, 85].  It was noted that the claim of the new evidence

regarding Hale was shown to be known by Stamper at least five months prior to his plea because

---

[1] Despite the findings of two exemptions and previously filing a Withdrawal of Motion to Determine Competency and Stipulation of competency by Defendant [Doc. No. 42].
[2] Pro-Se

this information was sent by Stamper's attorney to the U.S. Attorney presenting this case [Doc. No. 80 p. 4].

Stamper filed another Motion to Withdraw Guilty Plea [Doc. No. 89] on March 13, 2020. The motion was denied on March 16, 2020 [Doc. No. 90].  The sentencing date was re-set for May 5, 2020 [Doc. No. 92] and later to June 3, 2020 [Doc. No. 95].  Also, Stamper's Motion to Dismiss Counsel [Doc. No. 71] was set for June 3, 2020.  However, at the hearing on that date, Stamper withdrew his Motion to Dismiss Counsel [Doc. No. 71], and the motion was dismissed [Doc. No. 105].

Thereafter, Stamper was sentenced to 240 months imprisonment.  Based on the Presentence Investigative Report, his base offense level was 40, and his criminal history category was I, resulting in a guideline range of 292 to 365 months, which was higher than the statutory maximum sentence for the charge to which he plead guilty.[3]  Therefore, he was given the statutory maximum of 240 months in accordance with U.S.S.G. § 5G1.1(C)(1) [Doc. No. 121].  Pursuant to the plea agreement Counts 2, 3, and 4 of the Superseding Indictment were dismissed [Doc. No. 103].  Additionally, a Motion for Departure from Sentencing Guidelines [Doc. No. 86], was denied [Doc. No. 106] on June 3, 2020.  In this motion, Stamper argued the use of the cross reference in U.S.S.G. § 2G2.2(c) resulted in a much higher guideline range for the offense. He asked the Court to impose a sentence that does not take into account the application of cross reference (c).  For the reasons set forth by the Court in its Memorandum Ruling [Doc. No. 106], this request was denied.

---

[3] The Court granted one of defendant's objections which resulted in a guideline range of 210 to 262 months [Doc. No. 119, p. 20].

Thereafter, a Notice of Appeal [Doc. No. 113] was filed by Stamper.  On March 26, 2021 [Doc. No. 128], the appeal was dismissed for lack of jurisdiction.[4]

The pending Motion to Vacate [Doc. No. 134] was filed on August 6, 2021.

## II.   LAW AND ANALYSIS

In a motion to vacate, set aside, or correct sentence, a defendant may present four cognizable grounds, which include: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges for the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack – 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  Relief under 28 U.S.C.  § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (*per curiam*).

### A.   Procedural Default

Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally because collateral review is fundamentally different from and may not replace a direct appeal.  *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*).  If claims of constitutional or jurisdictional impact are not raised on direct appeal, the claims are procedurally defaulted and can only be considered in a § 2255 proceeding if the movant can show cause for his failure to raise his claims on appeal and actual prejudice resulting from the alleged errors.  *Placente*, 81 F.3d at 558.  A defendant who raises a constitutional issue

---

[4] Stamper was appealing one of his supervised release conditions but was not on supervised release.

for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such error. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

Even if a defendant cannot establish cause or prejudice, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Without a "colorable showing of factual innocence," he fails to show a fundamental miscarriage of justice. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).

The Government maintains that Stamper is procedurally barred from raising the claims in his Motion to Vacate because he has not shown either cause or actual prejudice, or that he is actually innocent.

In his Motion to Vacate, Stamper raises the following claims: (1) broken plea agreement; (2) that the Government concealed exculpatory evidence; (3) that law enforcement officials slammed him against the wall, and (4) witness tampering.

The "cause" standard requires the movant to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. *Id.*

The "prejudicial" standard requires the movant to show that the errors at trial worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. The "possibility of prejudice" is not enough. *Shaid*, 937 F.2d at 236.

"Actual innocence" requires that a defendant must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).   A claim of actual innocence must be based upon new, reliable evidence that was not presented at trial *Schlup v. Delo*, 513 S. Ct. 851, __ (1995).

This Court finds all four of Stamper's claims are procedurally barred.  "Actual innocence" has not been shown by Stamper.  His claim that Hale committed the offense was known prior to his guilty plea and was not "new, reliable evidence."  Additionally, his stipulated factual basis and his admission under oath that he committed the offense shows Stamper is unable to meet the "actual innocence" standard.

Additionally, Stamper is unable to show "cause" or "prejudice."   Nothing prohibited him from raising these claims on appeal.[5] There was no trial because Stamper entered a guilty plea. The plea was knowing and voluntary.  No actual prejudice can be shown by Stamper.

This Court also finds all of Stamper's claims are meritless, whether procedurally barred or not.

### B.      Merits

Although this Court finds Stamper's claims are procedurally barred, the merits of the claims will be addressed.

### 1.       Broken Plea Agreement

In his first claim, Stamper maintains his plea agreement was broken because he was supposed to be sentenced under U.S.S.G. § 2G2.2 and get 60 months, instead of under U.S.S.G. § 2G.2.1.  However, the plea agreement said nothing about what guideline Stamper was to be sentenced under.  As discussed previously, the terms of the plea agreement were that Stamper

---

[5] None of Stamper's claims in his Motion to Vacate were raised on appeal.

would plead guilty to Count One of the superseding indictment, and the Government would recommend a one-point reduction in his offense level if the offense level were 16 or greater [Doc. No. 63, p. 1-2].  Also, the plea agreement further stated that the maximum punishment on Count One was a term of imprisonment of not less than five (5) years and not more than twenty (20) years [Doc. No. 63 p.2].

The technical application of a sentencing guideline may not be raised in a § 2255 proceeding.  *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994).  These type claims are capable of being raised on appeal and do not implicate constitutional issues.  *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

Further, this issue was addressed by the Court in its ruling on Stamper's Motion for Variance [Doc. No. 112].  This claim is without merit.

### 2.    Exculpatory Evidence

In his second claim, Stamper claims the Government concealed exculpatory evidence (a verbal confession given by a witness in February 2019).  Presumably, this is the alleged statement of Hale.[6]  The evidence reflects that there was no concealment by the Government because this evidence was provided by Stamper to the Government five months before his guilty plea [Doc. No. 80 p. 4] and [Doc. No. 83].

Since there was no concealment, there is no constitutional violation under *Brady v. Maryland*, 373 U.S. 83 (1963).  Additionally, a voluntary guilty plea waives all non-jurisdictional defects in the proceedings against the defendant.  *U.S. v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

This claim is without merit.

---

[6] Stamper provided no other evidence to show the statement was by anyone else.

### 3.      Discipline of Officials

In his third claim, Stamper argues law enforcement did not announce they were law enforcement, slammed him against the wall, and forced his wife to drive without a license.  He also maintained there is medical proof[7] that he could not have committed the crime, and that the judge sentencing him never knew him.

The allegations against the officers were waived by Stamper's guilty plea.  *Glinsey*, 209 F.3d at 392.  The allegations against the judge do not allege any constitutional violation.

These claims are without merit.

### 4.      Witness Tampering

In his final claim, Stamper alleges the Sheriff's Office, State Police and FBI threatened his wife by showing her Stamper's text messages in an attempt to get her to turn on him. Stamper also alleged again that law enforcement forced his wife to drive illegally.  These claims are not cognizable in a § 2255 proceeding and have been waived by Stamper's guilty plea. *Glinsey*, 209 F.3d at 392.

These claims are also without merit.

## III.     CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Christopher Joe Stamper's Motion to Vacate [Doc. No. 134] is **DENIED.**

**MONROE, LOUISIANA**, this 27th day of August 2021.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**

---

[7] No medical proof has been submitted.