Christopher Stamper-20895-035
Federal Correctional Institution - La Tuna
PO Box 3000
Anthony, NM 88021

RECEIVED
NOV 19 2021
TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

District Court Clerk
300 Fannin Street
Suite 1167
Shreveport, LA 71101





The courts are clear that I.A.C. claims are cognizable under 2255 "ordinarily a defendant must raise ineffective assistance of counsel claims in a petition under 2255, rather than on direct appeal." 494 Fed. APPX. 828, 831 United States v. Thurman (2012) See also Massaro v. United States, 123 S. CT. 1690 - Convicted federal criminal defendant held able to first bring I.A.C. claim in collateral proceeding under §2255 regardless of whether defendant could have raised claim on direct appeal.

As this court is well aware, my attorney and I were in constant conflict during the course of my proceedings. I attempted to file numerous motions due to my lawyer's refusal to file motions on these topics on my behalf; finally attempting to remove counsel. (See Doc. No. 71)

McCoy v. Louisiana, 138 S.CT. 1500 - The choice is not all or nothing to gain assistance, a defendant need not surrender control entirely to counsel.

For the Sixth Amendment in granting to the accused personally the right to make his defense, speaks of the assistance of counsel and an assistant, however expert, is still an assistant. (Faretta, 422 US at 819-820, 95 S. CT. 2525) [T]he Sixth amendment contemplat[es] a norm in which the accused and not a lawyer is master of his own defense.)

As stated in my initial §2255 briefing this case involved witness intimidation (see ... §2255 application), police brutality, child endangerment (see §2255 application) neither of which my attorney investigated, and most importantly, a failure to properly inform and explain the consequences of signing a plea agreement,

①

particularly as it pertains to 2G2.2(c), as this cross-reference section would substantially affect the amount of time served, moving the guideline range from 28 points which would be 78-97 months to 40 points which would be 292 to 365 months. This plus the 2 point reduction for taking a plea would have dropped my points to 26 and the range would be 63-78 months.

My lawyer was seemingly unaware of this crucial provision as after pressuring me to sign a plea agreement, assuring me that based upon his calculation of the guidelines, I would receive no more than 65 months; was forced to argue the 2G2.2(c) should not apply in my case. This substantial oversight of a key piece of information and counsel's failure to discuss the possibility of the court sentencing me under a different guideline range and pushing for the statutory maximum is clear cause and prejudice.

Phillips v. United States, 238 Fed. Appx. 89 - "As there is an increase in the actual amount of jail time that may be served [petitioner] has established prejudice."

Hinton v. Alabama, 571 United States 263, 274 - An attorney's ignorance of a point of law that is fundamental to his case, combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under "Strickland".

C.F. Cooper v. Lafler, 566 U.S. 156 - Attorney was deficient in providing erroneous legal advice concerning the plea deal.

It should be noted my attorney used this promise of sentence to get me to take a plea as opposed to my right to trial.

②

If my lawyer had doubts about my potential sentences he could have easily asked the court for a Rule 11c1(e) agreement, but instead, with confidence, he assured me not to worry about it.

Fed. R. Crim. P. 11 (c)(3)(b) - requires "the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request." This was not what happened in my case.

The rule of the court says must. The failure to provide the petitioner with this crucial piece of information is a denial of due process and therefore should invalidate the plea.

The petitioner tried to withdraw his plea and rectify the situation numerous times before the appeal process and was consistently ignored by the district court. This early objection lowers the burden that the petitioner must meet to demonstrate a due process violation warranting reversal. Even if the court ignores this lower bar, the petitioner maintains that there is plain error.

United States v. Rivera-Clemente, 813 F.3d 43 (1stCir. 2016) The district courts failure to give the warning required by Fed. R. Crim. P. 11(c)(3)(B) is an error that is plain on the record. See United States v. Hernandez-Maldonado, 793 F.3d 223, 226 (1stCir. 2015) Morever it relates to a "core concern" of Rule 11, namely the defendant's "knowledge of the consequences of the guilty plea." See United States v. Noriega-Millan 110 F.3d 162, 166-67. (1stCir. 1997).

Had the petitioner known that the judge could and

③

would apply the cross-reference 2G2.2(c) in regards to his case, he would not have entered his plea and instead have gone to trial and continued to assert his innocence. This is clear from the record as after learning this he attempted to do just that.

Additionally, my plea was not entered into knowingly or voluntarily. "A defendant is aware of the consequences as his plea for sentencing purposes and the plea is knowingly and voluntarily, if the defendant understands the length of prison time he faces." United States v. Cameron 626 Fed. APPX 99, 100 (5th Cir. 2015) Knowingly speaks of the defendant's state of mind. I believed I was to be sentenced under the guidelines for receipt. I was not aware of the 2G2.2(c) cross reference.

Based upon the lack of understanding of my lawyer, the failure of the judge to clearly explain the situation, the complexity of the sentencing guidelines especially with regards to the 2G2.2(c) cross reference, and my lack of understanding of the law, it is clear I did not understand the length of prison time I might face. When this information became known I immediately moved to withdraw my plea agreement and my attorney.

It should be noted that my appellate attorney was ineffective as well. He never argued that I was actually innocent, or that my pretrial lawyer was ineffective in a myriad of ways. Also, not arguing that my sentence was incorrect, or that my plea was invalid. In fact my attorney argued one issue, a claim that was not even cognizable on

(4)

direct appeal, a single supervised release condition. Even if it was cognizable, it was not ripe for challenging and failed to cite valuable case law from sister circuits. See... United States v. Wolf, 699 F.3d 1082 (9th Cir. 2012) also, see... United States v. Napulou, 593 F.3d 1041 (9th Cir. 2009).

Counsel's failure in this important area should be remedied by the court. In sum, I request that the court review my claims and the relevant guidelines, and if there is a good faith showing of prejudice to either resentence me according to the sentence I believed I had agreed to, 63-78 months, or else to vacate my plea and assign me new effective counsel, thereby correcting the negligence of my previous attorney.

Dated: 11/11/21

Christopher Stamper
20895-035
F.C.I.-La Tuna
PO BOX-3000
Anthony, NM
88021

Placed in inmate mailbox on 11/12/21

