# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:19-CR-00033-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CHRISTOPHER JOE STAMPER (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## ORDER

Pending before the Court is Defendant Christopher Joe Stamper's ("Stamper") Motion for Reconsideration [Doc. No. 194]. Stamper moves the Court to reconsider its November 5th, 2024, Order [Doc. No. 190] denying Stamper's Motion for Subpoenas and Motion to Appoint Counsel [Doc. No. 189]. The Court denied Stamper's motions because there is no mandatory constitutional or statutory right to the appointment of counsel in a post-conviction proceeding under § 3582 and the remaining arguments are frivolous.

Although motions for reconsideration in criminal actions are not explicitly authorized in the Federal Rules of Criminal Procedure, the Fifth Circuit has recognized motions for reconsiderations as a legitimate procedural device. *United States v. Thompson*, 79 F. App'x 22, 23 (5th Cir. 2003). A motion for reconsideration filed within twenty-eight days of the District Court judgment being challenged is characterized as a motion to alter or amend the judgment and construed pursuant to FED. R. CIV. P. Rule 59(e). *Nucor Steel La., LLC v. HDI Globe Ins. Co.*, 2022 WL 4127161, at *1 (E.D. La. Aug. 9, 2022).

A motion for reconsideration in a criminal case has a narrow purpose and allows the Court to remedy only manifest errors of law or fact and to present newly discovered evidence. *United States v. Poimbeauf*, 2019 WL 5550068, at *1 (W.D. La. 10/20/2019). The Court sees no manifest errors of law or fact here and sees no reason to alter or amend its order. Accordingly,

**IT IS ORDERED** that Christopher Joe Stamper's Motion for Reconsideration [Doc. No. 194] is **DENIED**.

MONROE, LOUISIANA, this 3rd day of December 2024.

_____
Terry A. Doughty
United States District Judge